IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| RAY CHARLES HAWKINS, #2201197 § | |
| v. § | CIVIL ACTION NO. 6:21cv053 |
| DIRECTOR, TDCJ-CID § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Ray Charles Hawkins, a prisoner confined within the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for the writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I.   Background**

Hawkins was charged by indictment with aggravated assault against a public servant with a deadly weapon and with one prior felony conviction alleged for enhancement of punishment in the 7th District Court of Smith County, Texas, in cause number 007-1532-17. SHCR-07[1] at 5. On May 17, 2018, a jury found Hawkins guilty as charged and the trial court assessed punishment at fifty years' imprisonment. *Id*. at 9–10.

---

[1] "C.R." is the clerk's record of pleadings and documents filed with the trial court. Additionally, "R.R." is the reporter's record of transcribed testimony and exhibits from trial, "SX-" or "DX-" are the enumerated exhibits of the State or the Defendant from trial, and "SHCR" is the state habeas clerk's record, and "Supp. SHCR" is the supplemental state habeas clerk's record. Citations are preceded by volume number and followed by page or exhibit number, where applicable. All of the state court records are contained in docket entry number 12.

The Sixth Court of Appeals of Texas affirmed Hawkins' conviction on January 19, 2019. *Hawkins v. State*, No. 06-18-00122-CR, slip op. (Tex.App.—Texarkana 2019, pet. ref'd). The Texas Court of Criminal Appeals (TCCA) refused Hawkins' petition for discretionary review (PDR) on June 5, 2019. *Hawkins v. State*, PD-0168-19 (Tex. Crim. App. 2019).

Hawkins filed his state application for writ of habeas corpus challenging his conviction on March 30, 2020, which was dismissed as noncompliant by the TCCA on October 21, 2020. SHCR-07 at 42, Action Taken Sheet; *see Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013) (prison mailbox rule applies to Texas post-conviction proceedings).

On January 21, 2021, Hawkins filed his federal habeas petition.[2] (Dkt. #1 at 10). He raises the following claims for relief:

(1) His trial counsel provided ineffective assistance of counsel for failing to:

    (a) Investigate,
    (b) Pursue a proper or adequate defense,
    (c) Conduct a pre-trial investigation into the facts of the charges; and
    (d) Effectively use the State's witnesses.

(2) His state habeas writ was dismissed for noncompliance without him receiving prior notice.

(Dkt. #1, p. 6).

The Director filed an answer on May 10, 2021. (Dkt. #11). The Director maintains that Hawkins' ineffective assistance of counsel (IAC) claim is barred by the statute of limitations. He further contends that Hawkins' no prior notice claim before dismissal is not cognizable. Hawkins filed a reply. (Dkt. #15).

---

[2] Federal habeas petitions are deemed filed when petitioners place them in the prison mail. *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998)(determining that for purposes of the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

## II. Standard of Review

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

The petition was filed in 2021; thus, review is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Under the AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "By its terms § 2254 bars re-litigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The AEDPA imposes a "highly deferential standard for evaluating state-

court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted).

With respect to the first provision, a "state court decision is 'contrary to' clearly established federal law if (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. "The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

With respect to Section 2254(d)(2), a Texas court's factual findings are presumed to be sound unless a petitioner rebuts the "presumption of correctness by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing § 2254(e)(1)). The "standard is demanding but not insatiable; . . . [d]eference does not by definition preclude relief." *Id.* (citation and internal quotation marks omitted). More recently, the Supreme Court held that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). The Supreme Court has explained that the provisions of the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just

because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694.

### III. Analysis and Discussion

    A.   <u>Statute of Limitations</u>

The Director contends that Hawkins' federal habeas petition is out of time and barred by the statute of limitations. The statute of limitations, set out in 28 U.S.C. § 2244(d), reads as follows:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

    (1)   <u>Calculating the date</u>

Hawkins' limitations period began on "the date on which the judgment became final by the conclusion of the direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Hawkin's conviction became final on September 3, 2019, ninety days after his PDR was refused on June 5, 2019, when the period for timely filing a petition for writ of

certiorari with the Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 6920, 693–95 (5th Cir. 2003) (holding that finality determined by expiration of time for filing further appeals); Sup. Ct. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when it is filed within 90 days after entry of the judgment). The federal limitations period expired one year later, on September 3, 2020, absent statutory tolling. *See* 28 U.S.C. § 2244(d)(1)(A).

Although Hawkins filed a state application for writ of habeas corpus on March 30, 2020, his application did not toll the limitations period. The TCCA dismissed his state writ application on October 21, 2020, for noncompliance. SHCR-07 at 42, Action Taken Sheet. A state writ that is dismissed for noncompliance with Tex. R. App. P. 73.1 does not toll the federal limitations period because it is not "properly filed." *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009); Tex. R. App. P. 73.2 ("The Court of Criminal Appeals may dismiss an application that does not comply with these[—Tex. R. App. P. 73.1—] rules."). A state application or writ of habeas corpus is "properly filed" pursuant to § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) ("[A] 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements."). Hawkins' federal petition was over four months too late.

2. <u>Actual Innocence</u>

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this

regard, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of *new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id*., *citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

In applying the exception to the state procedural bar, the term "actual innocence" is defined as "factual" as opposed to "legal" innocence. Actual innocence means that the person did not commit the crime, while legal innocence arises when a constitutional violation by itself would require reversal. *Morris v. Dretke*, 90 F. App'x 62, 70 (5th Cir. 2004) (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). In *Morris*, the Fifth Circuit observed that "because Morris is not arguing that he was not the person who committed the crime, the actual innocence exception is not available to him." *Id*. Here, Hawkins, similar to *Morris*, is not arguing that he was not the person who committed the crime. As such, the actual innocence exception is not available to him and does not toll the statute of limitations.

      3.     <u>Equitable tolling</u>

The TCCA denied Hawkins' PDR on June 5, 2019. His conviction became final on September 3, 2019, as he did not file a writ of certiorari with the Supreme Court. Hawkins had one year from September 3, 2019 to file a federal habeas petition. He filed his federal petition on January 25, 2021, over four months too late.

Hawkins has not alleged any facts that could support a finding that equitable tolling applies. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649.

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). It principally applies where the petitioner is actively misled by the state about the cause of action or is prevented in some extraordinary way from asserting his rights. *Flores v. Quarterman*, 47 F.3d 484, 487 (5th Cir. 2006) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

A "garden variety claim of excusable neglect," however, does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citing *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *see also Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999). Hawkins fails to present facts that show "rare and exceptional circumstances" that would merit tolling. *Davis*, 158 F.3d at 810-11.

"In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. "Where [petitioner] could have filed his claim properly with even a modicum of due diligence, we find no compelling equities to justify tolling." *Rashidi*, 96

F.3d at 128; *see Fisher*,174 F.3d at 715; *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Hawkins has failed to diligently pursue such relief. "[E]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 713 (citing *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Hawkins waited over nine months after his PDR was refused before filing his state habeas application. *Hawkins*, PD-0168-1; SHCR-07 at 42. It cannot be said that Hawkins was diligent in pursuing relief. Thus, Hawkins has not alleged, let alone proven, the existence of exceptional circumstances or that he acted with reasonable diligence.

The Fifth Circuit states that "this court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by." *Nelms v. Johnson*, 51 F. App'x 482, *1 (5th Cir. 2002). Hawkins plainly slept on his rights and failed to exercise reasonable diligence, and as a result is not entitled to equitable tolling. He, similarly, failed to show that extraordinary circumstances stood in his way and prevented filing. He made no showing that an unconstitutional state action prevented him from seeking habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. Hawkins is not entitled to equitable tolling. His federal habeas petition was filed too late and should be dismissed with prejudice as time barred.

  B. <u>Not a cognizable claim</u>

The Director also contends that Hawkins' second claim is not cognizable on federal habeas review. Hawkins' second claim alleges that his state habeas writ was dismissed for noncompliance without him receiving prior notice. (Dkt. #1 at 6). Specifically, Hawkins alleges that this was a violation of Rule 1.2 of the local rules of the Texas Rules of Appellate Procedure because the local rules may not be used to dismiss an appeal as noncompliant without first giving the noncompliant

9

party notice of the noncompliance. *Id*. However, "[i]nfirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984). This is because such grounds are "an attack on a proceeding collateral to the detention and not the detention itself." *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (internal quotation omitted). Thus, even if Hawkins states a meritorious claim challenging his state habeas proceedings, which he has not, this court cannot provide the relief that he seeks. Further, federal habeas review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or administrative procedure. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Thus, his second claim is not cognizable on federal habeas review and should be dismissed.

    C.    <u>Certificate of Appealability</u>

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may be issued only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. at 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Hawkins' § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the above-styled petition for writ of habeas corpus be denied, and the case dismissed with prejudice as time barred. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 7th day of March, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE